1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

MILTON O. CRAWFORD,

Plaintiff,

v.

KROGER COMPANY,

Defendant.

Case No. 2:20-cv-01622-JAD-BNW

**ORDER AND REPORT AND RECOMMENDATION**

Presently before the Court is *pro se* plaintiff Milton O. Crawford's application to proceed *in forma pauperis* (ECF No. 1), filed on September 1, 2020. For the reasons discussed below, the Court grants Plaintiff's application to proceed *in forma pauperis* but recommends his complaint be dismissed with prejudice.

**I.      *In Forma Pauperis* Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

Mr. Crawford submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The Court will next screen the complaint. ECF No. 1-2.

1    **II.    Screening the Complaint**

2        **A.  Standard of Review**

3        Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

4    under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable

5    claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may

6    be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

7    § 1915(e)(2).

8        Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

9    failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

10    F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

11    factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

12    *v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a

13    claim, all allegations of material fact are taken as true and construed in the light most favorable to

14    the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998)

15    (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual

16    allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*

17    *Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

18    insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through

19    amendment, a plaintiff should be given leave to amend the complaint with notice regarding the

20    complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

21        Even following the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*, the Court has

22    an "obligation . . . where the petitioner is *pro se* . . . to construe the pleadings liberally and to

23    afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

24    2010) (internal quotations and citation omitted). But "the liberal pleading standard . . . applies

25    only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see*

26

27        [1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis*
proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

28    § 1915(e)(2)(B) are not limited to prisoners[.]").

1   *also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v.*

2   *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not

3   be used to supply an essential element of the claim absent from the complaint).

4       **B.  Analysis**

5           Here, Mr. Crawford appears to be moving to enforce a default judgment he allegedly got

6   against Defendant in the amount of $10,300,000.00. ECF No. 1-2 at 1–2. Plaintiff alleges that he

7   obtained a default judgment in a 2012 lawsuit after Defendant failed to timely serve a responsive

8   pleading to Plaintiff's amended complaint. *Id*. Mr. Crawford cites to the Clerk's 2012 Entry of

9   Default to support his allegations. *Id*. at 2, 8.

10          In 2012 and 2013, Mr. Crawford filed "several motions . . . apparently requesting the

11  same relief of default judgment" against Defendant.[2] *See Crawford v. Smith's Food & Drug Ctrs.,*

12  *Inc.,* No. 2:12-cv-00122-GMN-GWF, 2013 WL 2237576, at \*1 (D. Nev. May 20, 2013). On May

13  20, 2013, the Court denied Plaintiff's motions for default judgment against Defendant and

14  vacated the Clerk's Entry of Default:

15      Accordingly, the Court will grant Defendant Kroger's Motion to Set Aside Entry of
        Default (ECF No. 64) and will set aside the Clerk's Entry of Default (ECF No. 55).) As a
16      consequence, and because Defendant Kroger will no longer be in default, the Court must
        deny Plaintiff's Motion for Default (ECF No. 57), Application for Default Judgment
17      Against the Kroger Company (ECF No. 99); Motion for Judgment by Default (ECF No.
18      109); and Motion for Judgment by Default (ECF No. 113).

19  *Id*. at \*3. The court reasoned that the circumstances surrounding the Clerk's Entry of Default did

20  not "justify the 'drastic step' of judgment by default, and that instead, this case [originating in

21  2012] should be decided on the merits." *Id*. Following the court's order to vacate the default

22  judgment in May 2013, Mr. Crawford filed two new motions requesting the same relief of default

23

24          [2] Because this complaint arises from a default judgment determination made in an adjudicated
    matter, the facts are drawn from the complaint and from certain prior court orders of which the Court takes
25  judicial notice. *See* Fed. R. Evid. 201(b) (A court may take judicial notice of "a fact that is not subject to
    reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy
26  cannot reasonably be questioned."); *see also United States ex rel. Robinson Rancheria Citizens Council v.*
    *Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of another court's final judgment
27  and related filings because they are "'directly related'" to the appeal of the current case).

28

1  judgment against Defendant, which the court once again denied. *Crawford v. Smith's Food &*

2  *Drug Store, Inc.,* No. 2:12-CV-00122-GMN, 2013 WL 5332515, at *1–2 (D. Nev. Sept. 23,

3  2013) ("Plaintiff's Motion for Default Judgment (ECF No. 124) and Amended Motion for Default

4  Judgment (ECF No. 128) are denied."). And on the same day that the court again denied Mr.

5  Crawford's then-most recent motions for default judgment against Defendant, the court granted

6  Defendant's motion to dismiss with prejudice. *Crawford v. Smith's Food & Drug Store, Inc.,* No.

7  2:12-CV-00122-GMN, 2013 WL 5334312, at *1 (D. Nev. Sept. 23, 2013).

8       Accordingly, because the district judge previously vacated the default judgment that Mr.

9  Crawford relies upon in this complaint and dismissed Mr. Crawford's motions for default

10  judgment on at least two occasions, the Court recommends that this case be dismissed with

11  prejudice. Mr. Crawford cannot bring a claim to enforce a default judgment that was vacated. In

12  sum, although the Court understands that Mr. Crawford is proceeding *pro se* and, therefore, has

13  liberally construed his complaint, the dismissal will be with prejudice because the absence of an

14  enforceable default judgment would make amending the complaint futile.

15  **III.    CONCLUSION AND RECOMMENDATION**

16       1.    IT IS THEREFORE ORDERED that Plaintiff Milton O. Crawford's

17  request to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to

18  pay the filing fee of $400.00.

19       2.    IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff's

20  Complaint (ECF No. 1-2).

21  …

22  …

23  …

24  …

25  …

26  …

27  …

28  …

1

2          3.       IT IS RECOMMENDED that the Complaint (ECF No. 1-2) be

3   DISMISSED with prejudice because the absence of an enforceable default judgment would make

4   amending the complaint futile.

5   **IV.     NOTICE**

6          This report and recommendation is submitted to the United States district judge assigned

7   to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

8   may file a written objection supported by points and authorities within fourteen days of being

9   served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

10   objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

11   1157 (9th Cir. 1991).

12          DATED: October 23, 2020

13                                                          _____

14                                                          BRENDA WEKSLER
                                                            UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28